# EXHIBIT B

JOHN D. ALLISON, ISBA #5567
RICHARD C. EYMANN (*Pro Hac Vice* application pending)
Eymann Allison Hunter Jones, P.S.
2208 West Second Avenue
Spokane, WA 99201
(509) 747-0101
(509) 458-5977 (facsimile)

Attorneys for Plaintiffs

STATE OF IDAHO
COUNTY OF BONNER
FIRST JUDICIAL DIST.

2010 NOV 17  A 10: 18

MARIE SCOTT
CLERK DISTRICT COURT
_____
DEPUTY

IN THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT
OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNER

SUSAN HEPBURN and GEORGE HEPBURN,
wife and husband,

            Plaintiffs,

v.

STEVEN C. PUFFER, M.D.; BOUNDARY
REGIONAL COMMUNITY HEALTH
CENTER, INC. d/b/a KANIKSU HEALTH
SERVICES, an Idaho corporation; BONNER
GENERAL HOSPITAL, INC., an Idaho
corporation; and CHARLENE M. DEHAVEN,
M.D.,

            Defendants.

No. CV-2010-02190

**COMPLAINT FOR
MEDICAL NEGLIGENCE**

Fee Category A(1) $88.00

   Plaintiffs, by and through their undersigned attorneys, allege as follows:

**I.
PARTIES**

   1.  At all material times hereto, plaintiffs Susan and George Hepburn are and were

residents of Sandpoint, Bonner County, Idaho. Jurisdiction and venue are properly before this

COMPLAINT FOR MEDICAL NEGLIGENCE - 1   ORIGINAL

Court as all acts of medical negligence as alleged herein occurred in Bonner County, Idaho. The damages claimed satisfy this Court's jurisdictional requirements.

2. At all material times hereto, defendant Steven C. Puffer, M.D. ("Dr. Puffer") was a physician licensed to practice medicine in the state of Idaho, and doing business in Sandpoint, Bonner County, Idaho.

3. At all material times hereto, defendant Boundary Regional Community Health Center, Inc. d/b/a Kaniksu Health Services (hereinafter "Kaniksu") was, and is, upon information and belief, an Idaho corporation, doing business in Bonner County, Idaho, with an office located in Sandpoint, Bonner County, Idaho. All acts of Kaniksu's employees and/or agents as alleged herein including, without limitation, Steven C. Puffer, M.D., were committed within the course and scope of said employment and/or agency, were in furtherance of Kaniksu's business interests, and are therefore imputed to defendant Kaniksu.

4. At all material times hereto, defendant Bonner General Hospital, Inc. (hereinafter "Bonner General") was, and is, upon information and belief, an Idaho corporation, doing business in Sandpoint, Bonner County, Idaho. All acts of Bonner General's employees and/or agents as alleged herein were committed within the course and scope of said employment and/or agency, were in furtherance of Bonner General's business interests, and are therefore imputed to defendant Bonner General.

5. At all material times hereto, defendant Charlene M. Dehaven, M.D. ("Dr. Dehaven") was a physician licensed to practice medicine in the state of Idaho, and doing business in Sandpoint, Bonner County, Idaho.

COMPLAINT FOR MEDICAL NEGLIGENCE - 2

## II.
## ADMINISTRATIVE PRE-FILING CONDITIONS

6. Pursuant to Idaho Code § 6-1001, *et seq.*, plaintiffs properly and timely filed their application for prelitigation screening before a duly appointed medical malpractice hearing panel regarding defendants Dr. Puffer, Dr. Dehaven, Bonner General and Kaniksu. A panel was appointed and a hearing was held on October 13, 2010. The panel's Report and Recommendation was received by the Idaho State Board of Medicine on October 22, 2010. All prelitigation requirements as to these defendants, pursuant to Idaho Code § 6-1001, *et seq.*, have been met.

## III.
## FACTS

7. On or about June 12, 2008, plaintiff Susan Hepburn presented to defendants Kaniksu and Steven Puffer, M.D. She presented with severe headache and other signs and symptoms warranting inquiry into potential intercranial bleeding.

8. Dr. Puffer referred Mrs. Hepburn for an unenhanced MRI of the brain, which was performed the same day, June 12, 2008, at Bonner General Hospital. On June 13, 2008, Dr. Puffer's chart reflects that he telephoned Mrs. Hepburn and informed her that the MRI did not reveal a cause for her headaches.

9. On June 26, 2008, Mrs. Hepburn presented to the emergency department at Bonner General Hospital at 6:09 a.m., reporting a severe headache of two weeks in duration, feeling weak and "like her head was in a vise." Mrs. Hepburn was evaluated by Charlene Dehaven, M.D. who noted severe headache, and stiff and painful neck and weakness in her grips bilaterally. Dr. Dehaven advised Mrs. Hepburn to complete her previously scheduled MRI of her cervical spine and back, and prescribed pain medication.

COMPLAINT FOR MEDICAL NEGLIGENCE - 3

10. Later that same day, June 26, 2008, Mrs. Hepburn returned to the emergency department at Bonner General Hospital, this time via ambulance. She was noted to have presented with altered mental status, history of severe headache for two weeks, and vomiting over the course of the day. She was evaluated by Kenneth Gramyk, M.D., who immediately ordered an unenhanced CT of the head which showed a large subarachnoid hemorrhage and suspect ruptured aneurysm. Dr. Gramyk made urgent arrangements for Mrs. Hepburn to be airlifted to Harborview Medical Center in Seattle, Washington, where she remained for over four months due to associated problems including, but not limited to, cerebral insult, cognitive dysfunction, dysfunctional swallow with subsequent PEG, HTN, hydrocephalus with subsequent shunt, leukocytosis, pulmonary edema, respiratory failure with prolonged intubation, right hemiparesis, SAH, infection, tracheostomy and vasospasm.

## IV.
## CAUSES OF ACTION

Plaintiffs hereby reincorporate paragraphs 1-10 as if fully set forth herein.

11. Defendant health care providers, and each of them, negligently failed to meet the applicable standard of health care practice of the community in which such care was or should have been provided.

12. Defendant health care providers, and each of them, whether individually and/or acting through their agents or employees, were negligent and in violation of the provisions of Idaho law, in

      (a) Failing to properly assess symptoms;

      (b) Failing to give appropriate orders or giving orders inappropriate for the patient;

      (c) Failing to protect the patient from an aneurism rupture;

COMPLAINT FOR MEDICAL NEGLIGENCE - 4

(d) Failing to take proper measures to consult an appropriate specialist in a timely manner;

(e) Failing to order proper and/or additional diagnostic studies;

(f) Failing to obtain Mrs. Hepburn's informed consent to treatment indicating risk or danger, the risks of the treatment undertaken by the defendants and the alternatives to that treatment; and

(g) Other acts of negligence as may be proven.

13. In treating Mrs. Hepburn as a patient, defendants Kaniksu and Bonner General impliedly promised to provide her with qualified, competent and reasonably prudent medical care.

14. Defendants Kaniksu and Bonner General are independently liable under the doctrine of corporate negligence.

15. As a direct and proximate result of the conduct of defendants acting in concert, in an agency capacity and/or each of them acting independently as set forth above, Mrs. Hepburn went from a functioning woman to a severely and permanently disabled woman, with multiple disabilities including, but not limited to, cognitive impairment, speech and writing impairment, fine motor impairment, muscle contractures and spasticity.

16. The aforementioned occurrences and/or omissions, which were a direct and proximate result of Mrs. Hepburn's injuries and damages, are of a kind which ordinarily do not happen in the absence of negligence.

17. Mrs. Hepburn's injuries and damages were caused by agencies or instrumentalities within the exclusive control of one or more of defendants, and each of them.

18. The aforementioned acts, omissions or conduct causing Mrs. Hepburn's injuries and damages were not due to any voluntary action or contribution on her part.

19. As a direct and proximate result of defendants' negligence and/or permissible use of *res ipsa loquitur*, and/or other theories of liability, Mrs. Hepburn has suffered permanent damages and injuries.

20. George Hepburn, Mrs. Hepburn's husband, has claims for special and general damages, including a claim for loss of spousal consortium.

## IV.
## DAMAGES

21. As a direct and proximate result of negligent acts and omissions of Dr. Puffer, Dr. Dehaven, Bonner General and/or Kaniksu, and each of them, Mrs. Hepburn has suffered extraordinary general and special damages including, but not limited to, past medical expenses, future medical expenses, disability, lost wages, loss of earning capacity, loss of future earnings, emotional distress, mental anguish, annoyance, discomfort, inconvenience, embarrassment, physical distress and loss of enjoyment of life.

22. As a further and proximate result of the negligent acts and omissions of Dr. Puffer, Dr. Dehaven, Bonner General and/or Kaniksu, and each of them, plaintiff George Hepburn has sustained, and will continue to sustain in the future, special and general damages as well as the loss of love, affection, care, services, companionship, consortium and support of his wife, Susan Hepburn.

## V.
## JURY DEMAND

23. Pursuant to IRCP 38(b), plaintiffs demand a trial by jury of twelve (12) persons.

## PRAYER

WHEREFORE, plaintiffs pray for damages and relief in an amount greater than $10,000 against defendants, jointly and severally, as follows:

1. For compensatory damages for past expenses incurred by Susan Hepburn for medical and other related health care expenses, with reasonable probability to be experienced in the future, and for lost wages, loss of future earnings and loss of earning capacity;

2. For general damages for the past physical pain, mental anguish, emotional distress, annoyance, discomfort, disability, inconvenience, embarrassment, physical distress and loss of enjoyment of life experienced by Susan Hepburn, with reasonable probability to be experienced in the future;

3. For special and general damages and loss of consortium for George Hepburn;

4. For reasonable attorneys' fees incurred herein pursuant to Idaho Code §12-120(3);

5. For prejudgment interest;

6. For cost and disbursements incurred herein; and

7. For such other and further relief as the Court may deem just and equitable.

DATED this 16 day of November, 2010.

EYMANN ALLISON HUNTER JONES, P.S.

By: _____
JOHN D. ALLISON, ISBA #5567
RICHARD C. EYMANN
Attorneys for Plaintiffs